IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALAN P. NIEMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-20-1186-C |
| | ) |
| ROYAL ALLIANCE ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed the present action asserting a claim for defamation based on a statement allegedly made by Defendant. Defendant has filed a Motion to Dismiss arguing Plaintiff's claims are subject to a mandatory arbitration agreement. In the alternative, Defendant seeks dismissal of Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6), asserting Plaintiff has failed to adequately plead a claim for defamation. Plaintiff does not dispute that his claim is subject to the arbitration agreement but argues the Court should stay this case pending completion of arbitration proceedings. In its Reply, Defendant argues the case should be dismissed with prejudice and that a stay pending arbitration is improper. This statement is in contrast to the statement made in Defendant's Motion where it argues for either dismissal or a stay pending resolution of arbitration.

The Court finds this matter must be resolved via arbitration as outlined in Defendant's Motion. Dismissal with prejudice is improper, as the arbitration agreement divests the Court of jurisdiction to consider issues within the scope of that agreement. The

Court finds the appropriate course is to administratively close the case pending a request to reopen, if necessary, following arbitration.

As set forth more fully herein, based on the agreement of the parties, the Court finds this matter is subject to arbitration. Accordingly, Defendant's Motion to Dismiss (Dkt. No. 2) is GRANTED in part. Defendant's Motion to Strike (Dkt. No. 6) is DENIED. This matter will be administratively closed pending resolution of the arbitration proceeding.

IT IS SO ORDERED this 5th day of January, 2021.

ROBIN J. CAUTHRON
United States District Judge